**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**TONY JOHN LUKER, # 08996-029**                                      **PETITIONER**

**VERSUS**                                **CIVIL ACTION NO. 3:15CV591-DPJ-FKB**

**WARDEN BONITA MOSLEY**                                         **RESPONDENT**

## ORDER OF DISMISSAL

This matter is before the Court *sua sponte* for consideration of dismissal.  *Pro se*

Petitioner Tony John Luker filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241

[1].  He is incarcerated with the Bureau of Prisons at the Federal Corrections Complex in Yazoo

City, Mississippi, and he attacks his sentence enhancement under the Armed Career Criminal

Act.  The Court has considered and liberally construed the pleadings.  As set forth below, this

case is dismissed.

I.      Background

On August 17, 2015, Luker filed the instant habeas petition, challenging his sentence

handed down from the Northern District of Iowa.  On September 22, 2003, Luker pled guilty in

that court to being a felon in possession of a weapon.  *Luker v. United States*, C06-90-LRR, 2006

U.S. Dist. LEXIS 66748 at *3 (N.D. Iowa Sept. 12, 2006).  The Northern District of Iowa

sentenced Luker under the Armed Career Criminal Act ("ACCA"), to 180 months imprisonment.

According to Luker, the sentence enhancement under the ACCA was based upon his prior

convictions for third degree burglary in Iowa.  The Eighth Circuit Court of Appeals affirmed.

*Luker v. United States*, 395 F.3d 830, 831 (8th Cir. 2005).

On July 3, 2006, Luker filed a motion to vacate, pursuant to 28 U.S.C. § 2255. *Luker*, C06-90-LRR, 2006 U.S. Dist. LEXIS at *4. The Northern District of Iowa denied the motion. *Id.* at *2.

Luker now files a Petition for habeas corpus in this Court, arguing that he is actually innocent of being a career offender under the ACCA. In particular, Luker relies on the recent Supreme Court case of *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the ACCA was void for vagueness. Luker contends that this sentence enhancement increased his sentence from 80 months to 180 months.

II.     Discussion

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian, pursuant to 28 U.S.C. § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). But a motion filed pursuant to 28 U.S.C. § 2255 "provides the primary means of collateral attack on a federal sentence." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Thus, the proper vehicle for challenging errors that "occurred at or prior to sentencing" is a motion pursuant to § 2255. *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990). Luker's claim that he was improperly sentenced does not challenge the execution of his federal sentence but instead attacks the validity of his federal sentence. Since the alleged constitutional violation "occurred at or prior to sentencing," it is not properly pursued in a § 2241 petition.

There is, however, an exception to this rule. "Under the savings clause of § 2255, if the petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may

2

proceed by way of § 2241." *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002).  To

meet the "inadequate or ineffective" test, an inmate:

> must show that (1) his claims are based on a retroactively applicable Supreme
> Court decision which establishes that he may have been convicted of a
> nonexistent offense, and (2) his claims were foreclosed by circuit law at the time
> when the claims should have been raised in his trial, appeal, or first § 2255
> motion.

*Id.* (citing *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001)).  The inmate bears

the burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the

legality of his detention.  *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

Luker contends he meets the requirements to proceed under the savings clause based on

his actual innocence of being a career offender.  But the Fifth Circuit has consistently disallowed

sentence-enhancement claims under the savings clause.  *Bradford v. Tamez*, 660 F.3d 226, 230

(5th Cir. 2011); *Padilla v. United States*, 416 F.3d 424, 427 (5th Cir. 2005); *Kinder v. Purdy*, 222

F.3d 209, 213-14 (5th Cir. 2000).  A "claim of actual innocence of a career offender

enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type

of claim that warrants review under § 2241." *Bradford*, 660 F.3d at 230.  Thus, Luker fails the

first prong of the *Reyes-Requena* test.  *Padilla*, 416 F.3d at 427.

III.    Conclusion

Since Luker's claim does not meet the stringent requirements of the savings clause, he

will not be allowed to proceed with this action for habeas corpus relief pursuant to § 2241.

Accordingly, Luker's claims are not properly pursued under § 2241, and the Petition for

habeas relief shall be dismissed as frivolous.  Further, to the extent the Petition can be construed

as a § 2255 motion, it shall be dismissed for lack of jurisdiction.  28 U.S.C. § 2255(a).

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, this cause should be and is hereby dismissed with prejudice regarding the jurisdictional issue only and dismissed without prejudice in all other respects. *See Pack*, 218 F.3d at 454. A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.[1]

**SO ORDERED AND ADJUDGED** this the 1st day of October, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[1]A certificate of appealability (COA) is not needed for a federal inmate to appeal the denial of relief under 28 U.S.C. § 2241. *See Castro Flores v. Dretke*, 120 F. App'x 537, 538 39 (5th Cir. 2005).

4